IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

NICOLI M. EDDLEMAN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-622-FHM

## OPINION AND ORDER

Plaintiff, Nicoli M. Eddleman, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's October 3, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held September 30, 2009. By decision dated December 9, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 9, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 26 years old[2] on the alleged date of onset of disability and 34 on the date of the ALJ's decision.  She has a high school education and formerly worked as a pottery painter.  She claims to have been unable to work since August 1, 2001 as a result of mental and emotional problems resulting from bipolar disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but should only perform simple repetitive tasks with incidental contact with the public.  [R. 21].  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

---

[2] Plaintiff's opening brief contains her birth date. [Dkt. 19, p. 1]. Counsel is reminded of his obligation to comply with LCvR 5.3 and refrain from including a client's birth date in court filings.

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in failing to follow Social Security Ruling (SSR) 06-03p which explains how opinions from sources who are not "acceptable medical sources" under the regulations should be considered.

**Analysis**

Plaintiff was treated for mental health issues at Creoks Mental Health Center off and on from March 2006 to February 2009. K. Taylor, a case manager at Creoks, completed a Mental Medical Source Statement dated September 25, 2009 wherein Plaintiff is rated as having several marked limitations and an extreme limitation in the ability to "complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." [R. 445]. The ALJ addressed K. Taylor's opinion, as follows:

> The claimant's case worker completed a medical source form dated September 25, 2009 giving the claimant many moderate to marked limitations. This worker is not a doctor. This opinion does not appear in line with the evidence as a whole and is not given controlling weight.

[R. 24]. Plaintiff argues that the ALJ erred by rejecting K. Taylor's opinion on the basis that she is not a doctor. Plaintiff asserts that the ALJ did not provide a discussion of the evidence related to his conclusion that would enable the court to follow the ALJ's reason for rejecting K. Taylor's opinion as required by Social Security Ruling (SSR) 06-03p, 2006 WL 2329939 and 20 C.F.R. §§ 404.1527(d) and 416.927(d).

The court finds that the ALJ gave adequate reasons for rejecting K. Taylor's opinion and further that the court can follow the ALJ's rationale. The following factors are ones to

be considered in weighing opinions from those who are not defined in the regulations as "acceptable medical sources": how long the source has known and how frequently the source has seen the individual; consistency of the opinion with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the opinion is explained; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factors that tend to support or refute the opinion. SSR 06-03p, 2006 WL 2329939 at *4-5. The Ruling instructs that not every factor for weighing an opinion will apply in every case. Rather, the evaluation of an opinion will depend on the particular facts of the case and the case must be adjudicated on its merits based on a consideration of the probative value of the opinions and weighing of all the evidence in the case. *Id*. at *5.

The ALJ noted that the opinion was rendered by a case worker, not a doctor. The specialty or expertise of the source is a factor SSR 06-03p states should be considered. The ALJ accurately summarized the evidence and noted that the opinion was not supported by the whole of the evidence. Consistency with the evidence is an SSR 06-03p factor. The ALJ noted the date of the medical source statement, September 25, 2009. The date is significant because the ALJ's accurate summary of the medical record discloses that at the time K. Taylor's opinion was rendered, Plaintiff's last previous contact with Creoks for mental health treatment was nearly a year earlier on November 4, 2008. [R. 24, 421-422]. It is obvious, therefore, that when K. Taylor completed the form K. Taylor had not had recent contact with Plaintiff. That speaks to another of the SSR 06-03p factors, frequency of contact. Contrary to Plaintiff's assertion, the ALJ did not simply reject K. Taylor's opinion on the basis that K. Taylor is not a doctor.

The court finds that the ALJ's treatment of K. Taylor's opinion does not present a basis for reversal of the denial decision.[3]

## Conclusion

The court finds that the ALJ evaluated the opinion of K. Taylor in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this     day of January, 2013.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[3] The court's finding that the ALJ did an adequate job of providing reasons for rejecting K. Taylor's opinion is not an endorsement of the ALJ's sparse discussion. The Commissioner's brief demonstrates that there was much more that could have easily been said about K. Taylor's opinion. [Dkt. 23, pp. 5-8].

5